**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**ELECTRO MOTIVE MFG. CO., Inc., Respondent.**

**No. 11447.**

United States Court of Appeals Fourth Circuit.

Argued Dec. 1, 1967.

Decided Jan. 26, 1968.

George B. Driesen, Attorney, N. L. R. B. (Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, and Robert M. Lieber, Attorney, N. L. R. B., on brief), for petitioner.

Wm. H. Smith, Jr., Columbia, S. C. (E. D. Smith, Jr., Columbia, S. C., on brief), for respondent.

Before HAYNSWORTH, Chief Judge, and WINTER and BUTZNER, Circuit Judges.

HAYNSWORTH, Chief Judge:

In this case the National Labor Relations Board petitions for enforcement of its order directing respondent, Electro Motive Mfg. Co., Inc., to cease and desist

from interfering with, restraining, or coercing its employees in the exercise of their rights under Section 7 of the National Labor Relations Act[1] and to reinstate with back pay a supervisor, Harry A. Wise.[2] We enforce the order.

Substantial evidence exists on the record as a whole to support the Board's determination that certain of respondent's employees were subjected to unlawful threats.

The employer's principal contention is that the Board is without authority to order the reinstatement of Wise under the circumstances of this case, since he is a supervisor within the meaning of the Act. The Board found, on substantial evidence, that Wise was discharged for giving a Board agent a signed statement which contained an admission that certain employees had been unlawfully threatened by Wise. Such a discharge constitutes a violation of Section 8(a) (1) of the Act,[3] and the remedy fashioned by the Board is not an inappropriate one.[4] The discharge of a supervisor for testifying at a Board proceeding has been held a violation of Section 8(a) (1) of the Act because an employee is entitled to the vindication through effective administrative proceedings of his Section 7 rights, and a witness' fear of reprisal is incompatible with that effective administration.[5] Respondent contends that the instant case is distinguishable, since, while a supervisor may be legally compelled to testify at a formal Board proceeding, here a statement was voluntarily given to a Board investigator. In terms of the effective administration of the Act, however, we see no distinction between the protection of managerial employees who cooperate willingly with the Board and of those who render assistance under legal compulsion. The effect of the discharge, in either event, is to tend to dry up legitimate sources of information to Board agents, to impair the functioning of the machinery provided for the vindication of the employees' rights and, probably, to restrain employees in the exercise of their protected rights.

Had Wise been discharged for having made the coercive statement to the employees, as the employer contends, there would have been no violation of the Act. The fact, however, that his superiors blisteringly condemned him for having given a statement to the Board's agent, not for having threatened employees, supports the finding that the former was the reason for his discharge.

Enforcement granted.

1. 29 U.S.C.A. § 157.

2. 158 NLRB No. 51.

3. 29 U.S.C.A. § 158(a) (1).

4. Section 10(c) of the Act, 29 U.S.C.A. § 160(c) reads in part:
"* * * [T]he Board shall * * * cause to be served on such person [one who has engaged in an unfair labor practice] an order requiring such person to cease and desist from such unfair labor practice, and to take such affirmative action including reinstatement of employees with or without back pay, as will effectuate the policies of this subchapter * * *.
While this provision makes express reference to the reinstatement of *employees*, it does not preclude the Board's ordering reinstatement of a supervisor in an appropriate case. The Board is directed to take steps to effectuate the policies of the subchapter, and if the discharge of a supervisor constitutes a violation of Section 8(a) (1), his reinstatement may be necessary to the effectuation of those policies.

5. Oil City Brass Works v. N.L.R.B., 5 Cir., 357 F.2d 466.