## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## CARTER LUMBER, INC., Respondent.

### No. 74–1313.

United States Court of Appeals, Sixth Circuit.

Dec. 17, 1974.

Elliott Moore, Deputy Associate Gen. Counsel, Peter G. Nash, John S. Irving, Jr., Patrick H. Hardin, Robert G. Sewell, Fredric Sagan, John G. Elligers, National Labor Relations Board, Washington, D. C., Emil C. Farkas, Regional Atty., Region 9, NLRB, Cincinnati, Ohio, for petitioner.

John A. Daily, Schwab, Sager, Grosenbaugh, Rothal, Fort, Skidmore & Nukes, Akron, Ohio, for respondent.

Before WEICK, PECK and MILLER, Circuit Judges.

This case is before the Court upon application of the National Labor Relations Board pursuant to Sec. 10(e) of the Act for enforcement of its order issued against Carter Lumber, Inc. on November 16, 1973. The Board's decision and order are reported at 207 N.L.R.B. No. 64.

The Board found that the company violated Sec. 8(a)(1) of the Act by discharging supervisor, Cecil Love, because he testified adversely to the company in a Board proceeding. The Board further found that the company violated Sec. 8(a)(3) and (1) of the Act by refusing to recall Charles Parks and in reducing the hours of work available to Andrew Deere because they had engaged in union activities.

We are in agreement with the holding of the Fifth Circuit in Oil City Brass Works v. N.L.R.B., 357 F.2d 466, 471 (1966), that "any discrimination against supervisory personnel because of testimony before the Board directly infringes the right of rank-and-file employees to a congressionally provided, effective administrative process, in violation of Sec. 8(a)(1) . . ."

As pointed out by the Fourth Circuit in N.L.R.B. v. Electro Motive Mfg. Co., 389 F.2d 61, 62 (1968), "The effect of the discharge [of a supervisor for testifying] is to tend to dry up legitimate sources of information to Board agents . . .", and thus to impair the functioning of the machinery provided for the vindication of the employees' rights.

The Second Circuit in Pedersen v. N.L.R.B., 234 F.2d 417, 420 (1956), pointed out that the Board should be required to utilize every resource at its command to protect witnesses, including supervisors, who have been placed in jeopardy because the Board has required them to appear and to give testimony.

After a full consideration of the record, we feel that substantial evidence on the record as a whole supports the finding of the Board that supervisor Love was discharged because of his testimony at the hearing, and that the company wrongfully refused to recall employee, Charles Parks, and wrongfully reduced the hours of work available to Andrew Deere, because they had engaged in union activities.

It follows, therefore, that the order of the Board of November 16, 1973, should be and it is hereby enforced according to its terms.